UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

|  | Case No. 12-33389-KAC |
|---|---|
|  | Chapter 13 |

In Re:
Harry Joseph Slater,
Debtor.

## ORDER

      This matter is before the Court on the motion for dismissal by creditor Matthew D. Kehren, supported by the chapter 13 trustee, based upon the asserted ineligibility of the debtor to be in a case under chapter 13. Appearances are noted in the record. Based upon all of the files, record and proceedings herein, including the arguments made and supplemental briefs filed by counsel for the parties and by the debtor, pro se, the Court issues this Order.

      The debtor commenced a case under chapter 11 on June 4, 2012 (the "Petition Date").[1] On January 2, 2013, the debtor filed a document titled "Conversion of Chapter 11 Case to Chapter 13 Case" (the "Conversion Notice").[2]

      The Conversion Notice was signed by the debtor and his then counsel and provides, *inter alia*, that the conversion by the debtor to chapter 13 "is allowed" and that "the debtor... converts this case to a Chapter 13 case...." The court docket thereafter indicates that this case is under chapter 13. Notably, however, there is no application or motion seeking an order for the court to convert the case and there is no order in this case to that effect.

      The question presented by the motion is the debtor's eligibility to be a debtor under chapter 13. The movant and the chapter 13 trustee claim that the debtor's noncontingent, liquidated, secured debt at the time of filing and when the Conversion Notice was filed was in excess of the maximum imposed by 11 U.S.C. § 109(e). The debtor disagrees for several reasons.

      The question presented is not addressed as the court determines that the case was never converted to a case under chapter 13; the debtor is currently a debtor under chapter 11. Accordingly there is no chapter 13 case to be dismissed, for lack of eligibility or otherwise.

      Conversion of a case under chapter 11 to a case under chapter 13 is governed by 11 U.S.C. § 1112(d). Section 1112(d) provides, "[t]he court may convert a case under this chapter to a case under chapter 12 or 13 of this title…" 11 U.S.C. 1112(d).

      Thus, as provided in section 1112, conversion to a case under chapter 13 requires the court to take

---

[1] Judge Nancy Dreher was the presiding judge at that time.
[2] Judge Dennis O' Brien was the presiding judge at that time.

an action which is an exercise of its discretion ("[t]he *court may* convert a case")(emphasis added). 11 U.S.C. § 1112(d). The statutory provisions and requirements for the conversion of a case vary depending upon which chapter the debtor is seeking to convert from and to, and this may explain some of the confusion arising in this case. Regardless, it is clear that in this case section 1112(d) applies and that although subsection (d) allows a debtor to request conversion from a case under chapter 11 to one under chapter 13, such conversion occurs only by "[t]he court" in its discretion (and subject to those circumstances provided under Section 1112). This is, for example, unlike a conversion from chapter 11 to chapter 7 which may be effectuated by the debtor ("[t]he *debtor may* convert a case") (emphasis added) as a matter of right pursuant to section 1112(a) (again, subject to the related provisions of Section 1112). 11 U.S.C. 1112(a). The Conversion Notice was filed but no court order ever issued converting the case. The Conversion Notice was ineffective by itself to convert the case.

Thus, the case was never converted and the debtor is still in a case under chapter 11 and not under chapter 13.

ACCORDINGLY, IT IS ORDERED:

1. The motion to dismiss the chapter 13 case is denied as moot; and
2. The clerk of court is directed to modify the docket and other court records to reflect correctly that this is a case under chapter 11.

DATED: *January 08, 2014*

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on **01/08/2014**
Lori Vosejpka, Clerk, by ED

/e/ Katherine A. Constantine
Katherine A. Constantine
United States Bankruptcy Judge